FILED
AUG 1 5 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JACKIE TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>KATE MAJIVER, et al.,<br><br>Defendants. | Cause No. CV 12-00072-H-DLC-RKS<br><br>ORDER |

## I. Introduction

This matter is pending on Plaintiff Jackie Taylor's motion to proceed in forma pauperis (Dkt. 1), Complaints for Temporary Restraining Order and Preliminary Injunction (Dkt. 2), Motion for Marshals to Serve Defendants (Dkt. 3), and Supplemental Complaints for Temporary Restraining Order and Preliminary Injunction (Dkt. 5).

Ms. Taylor has now filed seven form complaints for temporary restraining order, preliminary injunction, and permanent injunction. But she only filed one motion to proceed in forma pauperis and one motion to serve defendants each of which list the three sets of defendants named in the original complaints. The complaints all arise out of the allegation that Ms. Taylor has been denied access to

public services and as such have been construed as one case.

The motion to proceed in forma pauperis will be granted. The motions for temporary restraining order and preliminary injunction will be denied. Finally, the motion to serve defendants will be denied without prejudice. Ms. Taylor will be given an opportunity to file an amended complaint.

## II. Motion to Proceed in Forma Pauperis

Ms. Taylor has submitted a declaration which the Court finds sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

## III. Parties

Plaintiff Jackie Taylor is a resident of Helena, Montana and is proceeding without counsel. The named defendants are Cooperative Health Center–Kate Mogiver (Dkt. 2, p. 1); Medicaid–David Meadows, Dan Peterson (Dkt. 2, p. 5); Adult and Aging Services–John Macroe (Dkt. 2, p. 9); Anna Whiting Sorrell–Director of DPHHS (Dkt. 5, p. 1); Josh LaFramboise–Director of the Helena Housing Authority (Dkt. 5, p. 3); Ann Wakeman (Dkt. 5, p. 5); Missoula Food Bank (Dkt. 5, p. 5); Cynthia DOE–Director of the Missoula Food Bank (Dkt. 5, p. 5); Montana Food Network (Dkt. 5, p. 5); Kate Dirvon–Interim Director of the Montana Food Network (Dkt. 5, p. 5); Pat Steinwand (Dkt. 5, p. 5); Coriean

Troeney (Dkt. 5, p. 5); and the following individuals from the Rocky Mountain Development Council–Jean Leue, Wendy DOE, Kurt DOE, Walter DOE, and Elaine DOE–pay center (Dkt. 5, p. 7).

## IV. Allegations

Ms. Taylor's allegations are so vague and unintelligible that it is impossible for the Court to determine if she has stated a cognizable claim for relief. In her first form complaint (Dkt. 2, pp. 1-4), she contends that Cooperative Health Center is "refusing to live up to their federally mandated + '504 C.R monies' in providing me certain services and their refusal to provide or complete processes they'd already begun with me." She alleges the center had begun trying to get her medication (5mg brand name Ritalin) and eyeglasses, etc. (Dkt. 2, p. 1). But she contends she has been denied all state and federal programs and her attempts to resolve these issues have been ignored. She alleges her eyes are being damaged because she has 12-year-old glasses and she is unable to get new glasses.

In her second form complaint (Dkt. 2, pp. 5-8), Ms. Taylor names Adult and Aging Services–John Macroe as a defendant. She contends Mr. Macroe is the senior legal person. Although it is not clear, it appears that Ms. Taylor has been instructed to go through Mr. Macroe when she is attempting to get services but her requests have been ignored. (Dtk. 2, p. 5).

In the third form complaint (Dkt. 2, pp. 9-12), Ms. Taylor names Medicaid–David Meadows and Dan Peterson as defendants. David Meadows is listed as an account manager for government health care. Dan Peterson is with DPHHS medicaid quality assurance. There are no clear allegations against these Defendants.

In the fourth form complaint (Dkt. 5, pp. 1-2), Ms. Taylor names Anna Whiting Sorrell, Director of the DPHHS. She contends she has submitted 30 letters of dire need and Director Sorrell has refused to help her in clear cut matters of entitlement.

In the fifth form complaint (Dkt.5, pp. 3-4), Ms. Taylor names Josh LaFramboise, Director of the Helena Housing Authority. She contends Mr. LaFramboise denied her any response to all her written requests regarding problems with shelters, care, and Housing Authority employees.

In the sixth form complaint (Dkt. 5, pp. 5-6), Ms. Taylor names Ann Wakeman, the Missoula Food Bank, Cynthia DOE–Director of the Missoula Food Bank, Montana Food Network, Kate Dirvon–Interim Director of the Montana Food Network, Pat Steinwand, and Coriean Troeney. She makes a number of allegations against these individuals and agencies arising from her entitlement to appropriate food. She states she is literally starving and malnourished.

In the seventh form complaint (Dkt. 5, pp. 7-8), Ms. Taylor names the following individuals from the Rocky Mountain Development Council–Jean Leue, Wendy DOE, Kurt DOE, Walter DOE, and Elaine DOE–pay center as defendants. She contends these defendants have called the police on her twice for no reason but to harass her and have made no effort to respond to her requests regarding her special diet, housing assistance, and job search

Ms. Taylor makes no clear statement of what relief she seeks. She simply asks the Court to help her with restoring her life and being treated the same as everyone else.

## V. Analysis

Ms. Taylor's requests for temporary restraining order and preliminary injunction will be denied for several reasons. First, Ms. Taylor's allegations are so vague and unintelligible it is impossible to determine whether she has stated a cause of action at all. She makes general claims that she is being denied federal and state public assistance. But she has not set forth why she feels she has been wrongfully denied benefits, she does not specifically allege what acts of Defendants allegedly violated her rights, and she does not specifically state what relief she seeks from a restraining order or preliminary injunction. The Court cannot issue a temporary restraining order without a clear understanding of what

relief Ms. Taylor seeks.

Secondly, Ms. Taylor did not comply with the notice provisions of Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction may only be issued on notice to the adverse party. Fed.R.Civ.P. 65(a)(1). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff herself in this case, as she proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b). Ms. Taylor has not satisfied either requirement. Ms. Taylor gives no explanation why this matter should be held ex parte, that is, without serving the opposing parties.

Third, Ms. Taylor has not made the requisite showing for a preliminary injunction or temporary restraining order. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he [she] is likely to succeed on the merits, that he [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [her] favor,

and that an injunction is in the public interest.' " Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)(quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (9th Cir. 2009)).

Ms. Taylor has failed to make such a showing. First, she has not demonstrated that she is likely to succeed on the merits in the underlying matter. As set forth above, it is not even clear on what basis Ms. Taylor brings her claims. On the first page of her filing, she does make mention of "504 C.R. Monies." (Dkt. 2, p. 1). Liberally construed, this may be a reference to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504"). Section 504 of the Rehabilitation Act prohibits discrimination against otherwise qualified individuals on the basis of handicap by any program or activity receiving federal financial assistance. To establish a violation of Section 504, a plaintiff must show that (1) she is handicapped within the meaning of Section 504; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

Ms. Taylor's filings do not even begin to address the merits of her underlying case, and provide no evidence in support of her claims.

-7-

In addition, Ms. Taylor has not convincingly shown that she is likely to suffer irreparable harm in the absence of injunctive relief. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). As the United States Supreme Court set forth in the Winter decision, the mere possibility of irreparable injury is insufficient–a plaintiff seeking a preliminary injunction must demonstrate that she is likely to suffer irreparable harm. Winter, 129 S.Ct. at 374. Ms. Taylor has not identified any facts to suggest she will suffer irreparable harm.

Lastly, Ms. Taylor has not demonstrated that the balance of equities tips in her favor or that an injunction is in the public interests. Thus, her request for temporary restraining order and preliminary injunction will be denied.

## VI. Leave to Amend

Regardless of the denial of the motion for temporary restraining order, Ms. Taylor cannot proceed in this action without a clearer statement of her claims. As she is proceeding in forma pauperis, the Complaint is subject to screening under 28 U.S.C. § 1915, which provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the

court determines that ... (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. A complaint must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 550 U.S. ___, 127 S.Ct. 2197, 2200 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not

deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

Ms. Taylor's filing is so vague and unintelligible that the Court cannot determine from the record before it what claims Ms. Taylor is trying to present. Thus, the Complaint is in violation of Rule 8 of the Federal Rules of Civil Procedure and subject to dismissal for failure to state a claim upon which relief may be granted. Rule 8 sets forth the general rules of pleading and provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> 3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Ms. Taylor has failed to comply with this rule. She will therefore be given an

opportunity to submit an amended complaint. If she chooses to do so, she must comply with Rule 8 and submit only a "short and plain statement" of her claims and a demand for relief.

In any amended complaint, Ms. Taylor must allege specific facts to demonstrate the personal involvement of any named defendant. A complaint must set forth the specific facts upon which a plaintiff relies in claiming the liability of each defendant. Fed. R. Civ. P. Rule 8(a)(2). Even a liberal interpretation of a pro se civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). To establish liability pursuant to Section 1983, a plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).

Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Ms. Taylor believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Ms. Taylor's rights; (5) when the alleged actions took place; and (6) what injury Ms. Taylor suffered because of that defendant's conduct. Rizzo v. Goode, 423

-11-

U.S. 362, 371-72, 377 (1976).

Ms. Taylor must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Ms. Taylor must provide specific factual allegations for each element of each of her claims, and must state with specificity to which defendants each of her claims apply. If Ms. Taylor fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

In filing an amended complaint, Ms. Taylor must clearly define the terms she uses and clearly describe the claims she wishes to bring. Any further vague and undefined allegations will be recommended for dismissal. The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002); Fed.R.Civ.P. 8; cf. Fed.R.Civ.P. 9(b). Ms. Taylor's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Fed.R.Civ.P. 8. Ms. Taylor should not include preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like in her amended complaint. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996); see also Crawford-El v. Britton, 523 U.S. 574,

597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The amended complaint must be complete in itself without reference to any prior pleading. Once Ms. Taylor files an amended complaint, it supercedes the original pleadings and those pleadings no longer serve a function in the case. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Only the original document must be filed; copies are not necessary.

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. If Ms. Taylor fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. Some of Ms. Taylor's handwritten pleadings (particularly her supplemental pleadings) are difficult to read. Ms. Taylor must make an effort to type or write her amended complaint in more legible handwriting.

At all times during the pendency of this action, Ms. Taylor SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective

-13-

date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."
The notice shall contain only information pertaining to the change of address and
its effective date. The notice shall not include any motions for any other relief.
Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal
of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## VII. Order

Based on the foregoing, IT IS HEREBY ORDERED that Ms. Taylor's motion to proceed in forma pauperis (Dkt. 1) is granted. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on August 8, 2012.

IT IS FURTHER ORDERED that Ms. Taylor's Motions for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (Dkt. 2, 5) are denied.

IT IS FURTHER ORDERED that Ms. Taylor's Motion to have the U.S. Marshals serve the defendants (Dkt. 3) is denied without prejudice. This matter is subject to prescreening pursuant to 28 U.S.C. § 1915 and until that process is complete the complaint will not be served upon Defendants.

IT IS FURTHER ORDERED that on or before September 14, 2012 Ms. Taylor may file an amended complaint and the Clerk of Court is directed to

provide her a form for filing an amended complaint. Failure to use this form may result in the dismissal of this action.

DATED this 15th day of August, 2012.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court