# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| JACKIE TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>KATE MAJIVER, et al.,<br><br>Defendants. | Cause No. CV 12-00072-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

This action presents a controversy over whether Defendants, acting under color of state law, violated Plaintiff Jackie Taylor's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Accordingly, the case presents a federal question over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

By prior Orders, Judge Christensen found that Ms. Taylor's filings were so vague and unintelligible that they were in violation of Rule 8 of the Federal Rules of Civil Procedure and subject to dismissal for failure to state a claim. C.D. 6, p. 10, C.D. 8. Ms. Taylor was advised her case was subject to dismissal for failure to state a claim upon which relief could be granted and she was given an opportunity to file an amended complaint. She did not do so. Accordingly, for the reasons set

forth in the Judge Christensen August 15, 2012 Order (C.D. 6), Ms. Taylor's Complaint fails to state a claim upon which relief may be granted and should be dismissed.

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Ms. Taylor's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

At all times during the pendency of this action, Ms. Taylor SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Ms. Taylor's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain that Ms. Taylor's failure to state a claim is so clear no reasonable person could suppose an

appeal would have merit.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Taylor may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Ms. Taylor files objections, she must itemize each factual finding to which objection is made and must identify the evidence in the record she relies on to contradict that finding. In addition, she must itemize each recommendation to which objection is made and must set forth the authority she relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Ms. Taylor from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections

may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of October, 2012.

                                         */s/ Keith Strong*
                                         Keith Strong
                                         United States Magistrate Judge